UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALTHEA THOMAS | CIVIL ACTION |
| VERSUS | NO. 21-132-JWD-SDJ |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE, ET AL | |

## REPORT AND RECOMMENDATIONS

Before the Court is a Motion to Remand (R. Doc. 3) filed by Plaintiff, Althea Thomas, on March 31, 2021. Defendants, Allstate Vehicle and Property Insurance ("Allstate"), JL Camp, Inc., and Ria Taylor, filed an Opposition (R. Doc. 8) on April 21, 2021.

### I. Background

Plaintiff filed a *Petition for Damages* against Defendants at the Nineteenth Judicial District Court for the Parish of East Baton Rouge on January 18, 2021.[1] The suit alleges Plaintiff's home was damaged by a fire on July 23, 2020. The suit also alleges that Defendant, Allstate Vehicle and Property Insurance Company, acted in bad faith by arbitrarily and capriciously denying her claim for coverage under a policy of insurance.[2] Plaintiff alleges she applied for the Allstate policy over the telephone with Defendants, Allstate agent JL Camp, Inc., and Ria Taylor, who acted negligently by, *inter alia*, failing to "insert true answers to the questions contained in the insurance policy."[3]

---

[1] R. Doc. 1-1.
[2] *Id.* at 8.
[3] *Id.* at 9.

Allstate removed this action on March 2, 2021, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Allstate's *Notice of Removal* argues that the non-diverse Defendants (JL Camp, Inc. and Ria Taylor) are fraudulently joined.[4] Plaintiff is seeking remand to the Nineteenth Judicial District Court, contending the Court lacks jurisdiction because Defendants Ria Taylor and JL Camp, Inc., ("Non-Diverse Defendants") are properly joined Louisiana citizens.

## II. Law and Analysis

### A. Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[5] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[6] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[7] Remand is proper if at any time the court lacks subject matter jurisdiction.[8]

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."[9] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[10]

---

[4] R. Doc. 1.
[5] 28 U.S.C. § 1441(a).
[6] 28 U.S.C. § 1332(a)-(a)(1).
[7] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[8] *See* 28 U.S.C. § 1447(c).
[9] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).
[10] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper.[11] To meet its burden, the removing party must show an "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[12] In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[13]

Generally, a court should "conduct a Rule 12(b)(6)-type analysis ... to determine whether the complaint states a claim under state law against the in-state defendant."[14]. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined.[15] Although the court may consider "summary judgment-type evidence in the record," it must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff.[16]

**B. Arguments of the Parties**

The Plaintiff's *Petition for Damages*[17] alleges that after a fire occurred at her home on July 23, 2020, Allstate denied her claim for insurance coverage on the grounds that her policy was void

---

Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

[11] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).
[12] *Id.* at 646-47.
[13] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004).
[14] *Id.* at 573.
[15] *Id.*
[16] *Travis*, 326 F.3d at 649.
[17] R. Doc. 1-2.

3

from inception. Plaintiff's *Petition for Damages* alleges Allstate denied her claim for fire damages because Plaintiff "committed material misrepresentations during the application process concerning prior insurance in effect at the time of the application and that she had failed to disclose that prior insurance had been cancelled/non-renewed."[18] Plaintiff alleges she is entitled to damages from Allstate for breach of the duty of good faith.[19]

Plaintiff alleges she completed an application for fire insurance coverage over the telephone with the Non-Diverse Defendants (Allstate Agent Ria Taylor/JL Camp, Inc).[20] Plaintiff alleges that she did not make any material misrepresentations during the application process and the Non-Diverse Defendants failed to use reasonable diligence to procure fire insurance per her request. Specifically, Plaintiff alleges the Non-Diverse Defendants were negligent and are liable for damages for:

    a. Failing to procure homeowners insurance coverage with fire insurance coverage for the benefit of the Plaintiff;
    b. Failing to insert correct and true answers to the questions contained in the insurance policy;
    c. Failing to notify Plaintiff of a change in the policy or coverages;
    d. Misrepresenting the risks insured under the policy;
    e. Failure to procure coverage in accordance with Plaintiff's instructions; and
    f. Other acts and omissions to be shown hereinafter.[21]

In her *Motion to Remand*, Plaintiff argues that she has stated a claim against the Non-Diverse Defendants under Louisiana law, citing cases where a cause of action was maintained against insurance agents who failed to act diligently to procure insurance.

---

[18] *Id.* at 7.
[19] *Id.* at 8.
[20] *Id.*
[21] *Id.* at 9.

4

Allstate argues in its *Memorandum in Opposition to Motion to Remand*[22] the Non-Diverse Defendants are fraudulently joined because they did not fail to "procure" insurance. Allstate argues that a policy was issued but ultimately voided because Plaintiff made material misrepresentations during the application process. For this reason, Allstate contends the cases cited by Plaintiff on an agent's liability for failure to procure insurance are inapplicable. Allstate contends that the only role of Non-Diverse Defendants in this litigation is witness testimony pertaining to Plaintiff's alleged material misrepresentations. Allstate further contends that the only issue in the litigation is whether Plaintiff made material misrepresentations during the application process.

### C. Analysis of Jurisdiction

Should the Court find that Plaintiff has stated a claim against the Non-Diverse Defendants, the Non-Diverse Defendants have been properly joined, diversity jurisdiction is destroyed, and the matter must be remanded to state court.

Louisiana provides a cause of action against an insurance agent who fails to act diligently to procure insurance. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage.[23] To recover for losses resulting from such failure, the plaintiff must establish: 1) an undertaking or agreement by the insurance agent to procure insurance; 2) failure of the agent to use reasonable diligence to obtain insurance and to notify the client promptly of the absence of coverage; and 3) actions by the agent which warranted the client's assumption that he was insured in the amount of the desired coverage.[24] Insurance agents and brokers owe the same duty to a client for whom the agents or

---

[22] R. Doc. 8.
[23] *Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d 728, 730 (La.1973).
[24] *Opera Boats, Inc. v. Continental Underwriters, Ltd.,* 618 So.2d 1081, 1085–86 (La. App. 1 Cir.1993).

brokers have agreed to procure insurance.[25] If a duty is imposed by the relationship of the parties and the duty is breached by an act or omission of a party then that party is liable for such acts of omission or commission.[26]

Allstate does not dispute that Louisiana provides a cause of action against insurance agents that negligently fail to procure desired insurance coverage. Instead, Allstate argues that the Plaintiff has failed to state a claim against the Non-Diverse Defendants because they "procured" a policy that was later voided due to the Plaintiff's material misrepresentations.[27] The Court finds Allstate's argument unpersuasive. Allstate asserts in its *Answer*[28] and its *Memorandum in Opposition to Motion to Remand*[29] the policy was void *ab initio*, i.e., void from its inception and never had any legal effect. In other words, Allstate has taken the position that Plaintiff never had a policy of insurance in place covering the fire at her home. The Plaintiff's *Petition for Damages* alleges that the Non-Diverse Defendants' acts and omissions in the fire insurance application process resulted in lack of insurance coverage for the May 23, 2020 fire. Thus, Plaintiffs are stating a claim that the Non-Diverse Defendants are at fault for failing to obtain insurance coverage. Furthermore, Louisiana recognizes a cause of action against an insurance agent under a "failure to procure" theory when a policy is voided *ab initio* due to the agent's errors and omissions during the application process.[30]

---

[25] *Taylor v. Sider*, 1999-2521 (La. App. 4 Cir. 5/31/00); 765 So.2d 416, 418 (internal citations omitted).
[26] *Mauroner v. Massachusetts Indem. And Life Ins. Co.,* 520 So.2d 451 (La. App. 5th Cir.).
[27] Allstate argues that the Court should "pierce the pleadings" to conclude the joinder was fraudulent. However, the evidence submitted by Allstate is not the type of evidence that would "negate the possibility of liability on the party of the Non-Diverse Defendants." *See*, *Davidson v. Georgia-Pac., L.L.C.,* 819 F.3d 758, 767 (5th Cir. 2016) (internal citations omitted). Instead, Allstate's evidence appears to be aimed at supporting the merits of its "material misrepresentation" defense.
[28] R. Doc. 4, ¶ 24.
[29] R. Doc. 8, p. 4.
[30] *Barnett v. Fid. Nat. Prop. & Cas. Co.,* 2012-1415 (La. App. 3 Cir. 5/1/13), 157 So. 3d 51.

Plaintiff has stated a claim under Louisiana law against the Non-Diverse Defendants for failure to procure insurance coverage. Ria Taylor and JL Camp, Inc. are properly joined and non-diverse for purposes of 28 U.S.C. § 1332. Plaintiff's *Motion to Remand* should be granted and this action should be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of jurisdiction.

### D. Attorney Fees

Plaintiff requested an award of the attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal."[31] The Court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper.[32] Although the Court concludes that it does not have diversity jurisdiction over the instant action, it finds that the removal was not objectively unreasonable. Furthermore, because the Court has not been provided with any information as to the amount of costs incurred by Defendant, the Court recommends its request for attorney's fees and costs be denied.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 3) be **GRANTED** and this action remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

---

[31] *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005).
[32] *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993).

7

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for Attorney Fees and Costs (R. Doc. 3) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that the parties bear their own costs.

Signed in Baton Rouge, Louisiana, on November 9, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**